# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    v.            Criminal Action No. 2:13cr30

**RONNIE GERALD BELT,**
   **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11.

Defendant, Ronnie Gerald Belt, in person and by counsel, Brian J. Kornbrath, appeared before me on December 2, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a conditional plea of "Guilty" to Count Two of the Indictment.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived

his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Ronnie Gerald Belt, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The court inquired, and the AUSA appearing advised that there had been previous offers made to Defendant. The prior offers had not been conditional, however, allowing Defendant to appeal the Court's Order denying his motion to suppress, whereas the current agreement contains that allowance and therefore is more favorable to Defendant. Counsel for Defendant agreed that by adding the condition, the current plea was more favorable to Defendant. Counsel also advised that he had reviewed each offer with Defendant.

The undersigned reviewed with Defendant Count Two of the Indictment and the elements the government would have to prove, charging him with possession of material used in the manufacture of methamphetamine.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights and the agreement that he will retain his appellate and collateral attack rights only with respect to the denial of his motion to suppress evidence as follows:

Ct: Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: Did you and Mr. Kornbrath also discuss that you may have a right to collaterally attack or challenge that sentence by filing a habeas corpus-type motion under 28 Section 2255?

Def: Yes.

Ct: Did you understand that under your plea agreement, paragraph 14, that you are not giving up your right to appeal the district judge's determination of the motion to suppress? In other words, you're keeping that right.

Def: Yes, sir.

Ct: Did you understand that if you conditionally plead guilty and if the district judge enters an actual sentence which is consistent with a total guideline adjusted level of 26 or lower, then you give up your right to directly appeal that sentence to the Fourth Circuit Court of Appeals and you're giving up your right to collaterally attack or challenge that sentence by filing a writ of habeas corpus motion, with the proviso that you still have the right to appeal the suppression issue?

Def: Yes, sir.

Ct: You understood that?

Def: Yeah.

Ct: Basically, what I said is, the only right you're preserving to your self, first and foremost is the right to challenge the district judge's determination of your suppression motion.

Def: Right.

Ct: Secondarily, all other rights of appeal, you're giving up the right to collaterally attack or challenge or directly appeal if the district judge's sentence is consistent with a guideline advisory sentence of 26 or lower. Is that correct?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights, with the exception for his right to appeal the denials of his suppression motions, pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government or others other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the

District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant in particular understood and agreed that the parties stipulated that the case involves the shake and bake method of manufacturing methamphetamine and that this method is highly dangerous and many of the chemical involved, if not properly stored, are toxic, inherently dangerous, highly flammable, and pose a serious risk to those who inhale them; however, the parties do not agree whether the facts of his case are extraordinary enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13).

Defendant also understood and agreed that he possessed a firearm, resulting in a two-level Guideline increase under 2D1.1(b)(1).

Defendant also understood that, while his counsel may have estimated a guideline sentence, he may not take that estimate as a guarantee, and that if the district judge imposes a different sentence, he may not withdraw his guilty plea.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant

further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Ronnie Gerald Belt, with the consent of his counsel, Brian Kornbrath, proceeded to enter a verbal conditional plea of **GUILTY** to the felony charge in Count Two of the Indictment.

The Court would generally at this point take the testimony of a Government witness in order to provide an independent basis in fact to support the guilty plea. In this case the parties agreed to the independent basis in fact begin supplied by proffer. The Court inquired and Defendant stated he agreed to this procedure. The AUSA then proffered that on or about April 3, 2013, State Police executed a search warrant at Defendant's residence, finding the items listed in Count Two of the Indictment. A clandestine-lab certified officer was involved in the search, and would testify that the items were commonly used in the manufacture of methamphetamine. There had been purchases of pseudoephedrine made by Defendant, but these were not stated in the Indictment because they occurred outside the county; however, one such was made on March 27, 2013, a short time before the search was conducted and the items were found.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

At this point, consistent with the Amendment to Rule 11, the Court inquired of Defendant whether he was a citizen of the United States, to which he replied that he was.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary conditional plea of guilty to Count Two of the Indictment; Defendant's plea is conditional, reserving the limited right to appeal the adverse determination of the District Court regarding his Suppression Motions; and Defendant's plea is independently supported by the facts as proffered by the AUSA, which proffer provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Two of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 3, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE