IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

RONNIE GERALD BELT,

    Petitioner,

v.                                     CIVIL ACTION NO. 2:15-CV-87
                                        CRIMINAL ACTION NO. 2:13-CR-30
UNITED STATES OF AMERICA,      (BAILEY)

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Civ. Doc. 5; Crim. Doc. 83]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on June 3, 2016, wherein he recommends this Court deny and dismiss the petitioner's § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on June 9, 2016. [Civ. Doc. 6; Crim. Doc. 84]. On June 30, 2016, the petitioner's objections were filed. [Crim. Doc. 89]. As such, the objections were not timely filed. However, in the interests of justice, this Court will conduct a *de novo* review.

I. **BACKGROUND**

On November 21, 2015, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Two of the Indictment, Possession of Material used in the Manufacture of Methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2). In the plea agreement, the parties agreed that the petitioner was entering a conditional guilty plea, reserving the right to appeal the adverse determination of the District Court's Order [Crim. Doc. 37] affirming the United States Magistrate Judge's Report and Recommendation [Crim. Doc. 30] denying the petitioner's Motion to Suppress Evidence [Crim. Doc. 18], Motion to Suppress Evidence Pursuant to ***Franks v. Delaware*** [Crim. Doc. 19], and Supplemental Motion to Suppress Evidence [Crim. Doc. 27]. The plea agreement also provided that the petitioner knowingly and voluntarily waived the right to appeal his sentence imposed or the manner in which that sentence was determined on any grounds "if the sentence is consistent with a Guideline total offense level 26 or lower." [Crim. Doc. 35 at ¶ 13]. Additionally, the plea agreement provided that the defendant waived the right to collaterally attack his sentence. [*Id.* at ¶ 14].

On December 2, 2013, the petitioner entered his plea in open court. Following the

2

Government's proffer establishing a factual basis for the plea, which the petitioner did not contest, and inquiry into the petitioner's competency, understanding of the plea agreement and the waivers contained therein, and satisfaction with his attorney's representation, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. The petitioner did not object to the Court's finding. [*See* Crim. Doc. 72].

On February 19, 2014, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the petitioner's personal history, as well as the sentencing objectives of punishment, the Court found a total offense level of 29. With a total offense level of 29 and criminal history category of II, the sentencing guidelines called for incarceration of 97 to 120 months. The Court imposed a sentence at the lowest end of the guidelines, sentencing the petitioner to a term of 97 months' imprisonment to be followed by a term of three years of supervised release. [*See* Crim. Doc. 74].

The petitioner filed a Notice of Appeal on February 25, 2014, appealing the judgment entered on February 21, 2014. [Crim. Doc. 44]. In an unpublished *per curiam* opinion issued on April 28, 2015, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's denial of the petitioner's Motion to Suppress. [Crim. Doc. 53]. In so doing, the Court of Appeals assumed that the troopers violated the Fourth Amendment when they entered the petitioner's home but held that the petitioner's statements were sufficiently attenuated from the constitutional violation such that suppression was not warranted.

## II. DISCUSSION

### A. Petitioner's § 2255 Motion

On November 16, 2015, the petitioner filed the instant Motion Under 28 U.S.C. § 2255 [Crim. Doc. 59; Civ. Doc. 1], asserting one claim of ineffective assistance of counsel at the trial level and three claims of ineffective assistance of counsel at the appellate level. The petitioner claims that trial counsel failed to obtain a copy of the recording of the informant testimony. [*Id.* at 8]. He also claims that appellate counsel failed to raise the claim that the petitioner's Fourth Amendment rights were violated because the officers did not have legal permission to enter the petitioner's residence. [*Id.* at 4]. The petitioner claims that appellate counsel failed to raise the claim that the petitioner's Fifth Amendment rights were violated because the officers relied on false testimony to obtain a warrant to search the petitioner's residence. [*Id.* at 5]. He further asserts that appellate counsel failed to raise the claim that the petitioner's due process rights were violated because an exceptional sentence was imposed. [*Id.* at 6]. As such, the petitioner asks this Court "to order an evidentiary hearing on the grounds of ineffective assistance of counsel and the fact that the scope of the illegal entry was never ruled on by the court." [*Id.* at 12].

### B. Magistrate Judge Trumble's R&R

The magistrate judge's R&R recommends that the petitioner's motion be denied and dismissed because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction, and because the petitioner's claims are meritless. [Civ. Doc. 5; Crim. Doc. 83]. Magistrate Judge Trumble notes that the petitioner's petition fails

to meet the heightened pleading requirements required of habeas petitions because he did not provide any factual support for his claims. The R&R then addresses each of the petitioner's claims, explaining first that the petitioner knowingly and intelligently waived his right to file a motion pursuant to 28 U.S.C. § 2255 and that the informant recordings he claims to have been denied are irrelevant because he admitted his guilt. The magistrate judge then discusses the petitioner's claims of ineffective assistance of counsel on appeal, stating that appellate counsel was not deficient under **Strickland** standards because he addressed the constitutional issues surrounding entry into the petitioner's home and then appealed those same issues following the Court's Order denying the petitioner's motion to suppress. He further finds that appellate counsel was not deficient in his performance for not appealing the sentencing issue because counsel did object to the six level enhancement for creating substantial risk of harm to a minor at sentencing but was overruled, and the offense level was then properly calculated; accordingly, any appeal would have been fruitless and not mandatory to raise.

C. **Petitioner's Objection**

The petitioner's objection first notes the provision in the plea agreement whereby he reserved the right to appeal his sentence if the total offense level was found to be higher than 26. [Crim. Doc. 89]. He avers that the Government breached the plea agreement because "[it] had agreed to a certain offense level before the signing of the plea" and, because his total offense level was in fact found to be higher than 26, there was a sentencing error in the proceedings. The petitioner further asserts that his counsel was ineffective for failing to object to "the Government's breach of the plea agreement during the sentencing phase," and again notes the aforementioned constitutional issues.

The petitioner's objection is without merit. As an initial matter, the objection does little more than restate some of the petitioner's arguments contained in his § 2255 motion rather than object to the substance of the magistrate judge's R&R. The arguments he does attempt to make are unpersuasive. First, with regard to the total offense level provision in the plea agreement, the petitioner seems to misinterpret that which the provision entailed, in spite of affirming on several occasions that he fully understood the plea agreement's provisions. The plea agreement states that "in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal his sentence or the manner in which that sentence was determined on any ground whatever . . . if sentence is consistent with a Guideline total offense level 26 or lower." [Crim. Doc. 35 at 6]. In other words, if the Court determined a total offense level of 26 or lower, the petitioner could not appeal the sentence and rationale involved. If the Court determined the total offense level to be greater than 26, the petitioner could so appeal. The petitioner interprets this to mean that the Court was bound by the plea agreement to impose a total offense level of 26, and that the plea agreement was breached because the Court determined a total offense level of 29.

The petitioner's interpretation of this provision is simply incorrect. The plea agreement did not mandate that the Court impose a total offense level of 26. Indeed, several times throughout the plea agreement it is noted that the sentencing recommendations contained therein are nonbinding and that the Court is not bound by any of the recommendations or stipulations. The plea agreement provided appellate provisions, the specifics of which were to be determined based upon the Court's total offense level finding. The Court was not obligated to impose a certain offense level based

6

on these provisions. Nor was the Government bound to ensure that the petitioner received a total offense level of 26. As such, the Government did not breach the plea agreement due to the Court's total offense level determination. In short, the plea agreement provided that the petitioner could appeal if he received greater than a total offense level of 26. He did in fact get a higher total offense level, in spite of his counsel's attempt to prevent a six level enhancement for creating substantial risk to a minor. As such, his appellate rights were preserved, and his counsel did file an appeal. The Fourth Circuit affirmed this Court's judgment. Accordingly, no breach of the plea agreement took place.

Moreover, no sentencing error occurred. The Court determined the petitioner's advisory guideline range based upon the United States Sentencing Commission Guidelines and the computations prepared in the Presentence Investigation Report, which were also based upon the Sentencing Guidelines. The sentence imposed falls within the range so established by the guidelines. The petitioner has in no way attempted to show that the computation of his applicable guideline range was erroneous, nor provided any factual support for his claim that there was a sentencing error. The petitioner's arguments regarding his sentencing guidelines are as a whole unpersuasive.

Additionally, with regard to the petitioner's ineffective assistance of counsel claims, this Court finds the petitioner's arguments to also be insufficient and unpersuasive. To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error "was prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland v. Washington**, 466 U.S. 668, 688 (1984). However, "a court need not

determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The petitioner alleges that his counsel was deficient for failure to object to "the Government's breach of the plea agreement." However, the petitioner has not and cannot show that this alleged failure was prejudicial and resulted in a higher sentence. As noted, the petitioner's qualm with his counsel's failure to so object is based upon his misunderstanding of that provision of the plea agreement. No breach of the plea agreement existed to which to object, so it would have made no difference in the proceedings for counsel to raise such an objection. Further, the petitioner has not shown that, had the petitioner's counsel objected to the total offense level, his sentence would have been different, particularly in light of the Court's rationale for the sentence imposed and the fact that his counsel had already made several arguments for a lower total offense level. As such, the petitioner has not met the prejudice prong of *Strickland*, and his claim of ineffective assistance of counsel must fail.

For the foregoing reasons, the petitioner's objection is hereby **OVERRULED**.

### III. MOTIONS TO APPOINT COUNSEL AND TO AMEND

The petitioner has also filed two Motions to Appoint Counsel [Crim. Docs. 85; 88] and a Motion for Permission to Amend Pleading [Crim. Doc. 90]. Regarding the motions to appoint counsel, in contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional

rights, the Court has no such constitutional requirement where a prisoner moves to attack the judgment of the Court. *Crowe v. United States*, 175 F.2d 799, 801 (4th Cir. 1949). The Court in a civil case, such as a matter pursuant 28 U.S.C. § 2255, has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. § 1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Upon review of the petitioner's pending motions to appoint counsel, this Court finds that the petitioner has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner. Accordingly, the petitioner's motions to appoint counsel should be denied.

Additionally, the Motion for Permission to Amend Pleading merely restates many of the petitioner's requests from his § 2255 motion and attempts to reargue the constitutional issues already addressed by the Fourth Circuit on appeal. As such, it should also be denied.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Civ. Doc. 5; Crim. Doc. 83]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 59]** be

**DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

Additionally, the petitioner's Motions to Appoint Counsel **[Crim. Docs. 85; 88]** and Motion for Permission to Amend Pleading **[Crim. Doc. 90]** are hereby **DENIED**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 16, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE